# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEILANE GONZALEZ, | |
| Plaintiff, | CIVIL COMPLAINT |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., | CASE NO. 1:21-cv-02257 |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff LEILANE GONZALEZ ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Illinois and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois.

### PARTIES

1

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Kane County, Illinois, which is located within the Northern District of Illinois.

5. Defendant is a third-party debt collector providing accounts receivables management services. Defendant is a corporation organized under the laws of the State of Kansas with its principal place of business located at 350 Camino De La Reina, Suite 300, San Diego, California 92108. Defendant's registered agent is located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Defendant regularly collects upon consumers residing within the state of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") allegedly incurred by Plaintiff's mother, "Martha."

8. Upon information and belief, after Martha's purported default, the subject debt was eventually transferred to Defendant for collection purposes.

9. In early April 2021, Plaintiff began receiving calls to her cellular phone, (630) XXX-9258, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9258. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (760) 748-4126 and (877) 366-1642.

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

13. Upon answering Defendant's phone call, Plaintiff was greeted by a representative who asked to speak with Martha.

14. Plaintiff informed Defendant that it had the wrong phone number, as she was the only individual using the phone number ending in -9258.

15. Despite the fact that Plaintiff has no obligation with regard to the subject debt, Defendant's representative asked additional personal questions with regard to her relationship with Martha.

16. Feeling harassed by Defendant's conduct, Plaintiff demanded that it stop contacting her.

17. Yet, just a handful of days later, Plaintiff received an *additional* call from Defendant, and once again, Defendant's representative asked to speak with Martha.

18. Plaintiff reiterated the fact that Defendant had the wrong number and demanded that Defendant stop calling.

19. In spite of this information, Defendant continued placing a number of calls to Plaintiff's cellular phone.

20. Plaintiff even spoke with Defendant a *third* time and supplied its representative with the same information as before, including that Defendant stop calling her.

21. Rather than being understanding of Plaintiff's reasonable requests, especially considering the fact that Plaintiff is not the debtor in question, Defendant's representative accused Plaintiff of being dishonest, which caused Plaintiff to become very upset and to demand that Defendant stop contacting her once again.

22. Seeing no end to Defendant's harassing conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

23. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and is also a member of the Association of Credit and Collection Professionals ("ACA").

30. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692b & c(b)**

31. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

32. Defendant violated §1692b and b(3) by contacting Plaintiff a number of times despite the fact that Plaintiff did not incur the subject debt. Even if Defendant was contacting Plaintiff for purposes of acquiring location information about Martha, Plaintiff repeatedly told Defendant that the phone number did not belong to Martha and to cease calling her. Yet, Defendant continued its onslaught of calls to Plaintiff's cellular phone, in an effort to harass Plaintiff into submission.

**b. Violations of FDCPA §1692c and §1692d**

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified that she was not the debtor and to stop calling. Plaintiff even reiterated her demands during subsequent calls, but yet, Defendant gave Plaintiff no reasonable escape from its incessant collection campaign. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of the calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### c. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Defendant had knowledge that Plaintiff was not the debtor and that she did not wish to receive further calls, Defendant continued to place systematic and automated collection calls Plaintiff in a deceptive attempt to force her to answer its calls and ultimately make a payment on a debt that she did not incur. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it did not have permission to do so.

### d. Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified of the fact that she was not the debtor and to stop calling. Attempting to coerce Plaintiff, a non-debtor, into payment by placing

systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. As pled in paragraphs 22 through 25, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LEILANE GONZALEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 27th day of April, 2021.   Respectfully Submitted,

 /s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Leilane Gonzalez*